UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAINE LAUREN VANNESS,

    Plaintiff,

v.                                  Case No: 5:21-cv-387-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Petition for Attorney's Fees. (Doc. 38). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $13,453.45. (Docs. 38 & 44). The attached schedules of hours confirm the attorney hours. (Doc. 38-1). The Commissioner objects to Plaintiff's petition. (Doc. 41).

A claimant is eligible for an EAJA attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The record establishes that these requirements have been met. The Commissioner does not challenge Plaintiff's entitlement to fees under the EAJA but argues that the attorney's fees requested are based on an unreasonable number of hours.

I. **Discussion**

A fee award under the EAJA must be reasonable. *Schoenfeld v. Berryhill,* No. 8:17-CV-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)). A reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support. *Id.* Reasonable fees do not include excessive, unnecessary, and redundant hours. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301–02 (11th Cir. 1988). As with any petition for fees, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012).

Here, Plaintiff seeks attorney's fees representing 59.40 hours of total attorney time.[1] Attorneys Sarah H. Bohr and Heather Freeman seek fees at a rate of $217.54 an hour for 2021 and $231.49 an hour for 2022. (Doc. 38 at 9). The Commissioner requests the Court to reduce the attorneys' time by "approximately 30%" to thirty-five hours.

A. **Padding**

First at issue is the Commissioner's request that the Court find that proving "padding" is unnecessary to justify an EAJA attorney's fees reduction. (Doc. 42 at 8). The Commissioner is correct, that there may be a reduction of EAJA attorney's fees without proving padding. Indeed, the Court has the discretion, and the charge, "to come to an independent judgment

---

[1] This number represents the 55.40 hours of attorney time in Plaintiff's original EAJA petition plus the four hours in Plaintiff's reply brief. (Docs. 38 & 44).

regarding the reasonableness of requested attorney's fees." *Yates v. Mack*, No. CV 1:20-00131-KD-B, 2022 WL 2308292, at *7 (S.D. Ala. June 27, 2022) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)); *see Norman*, 836 F.2d 1292, 1301–02 (11th Cir. 1988) ("exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court. . . . [and it] must be reasonably precise in excluding hours thought to be unreasonable or unnecessary"). Accordingly, it is unnecessary that padding be proved for the Court to reduce EAJA attorney's fees.

### B. Unclear and Possibly Excessive Billing Entries

First, the Commissioner argues that she cannot assess the reasonableness of the fees, as "[c]ertain tasks on the attorney timesheets are mixed in such a way that it is unclear how much time was spent on them." (Doc. 41 at 2). To support her argument, the Commissioner provides the following examples:

| 04/12/2022 | Review order granting Motion to File Excess Pages; Edit and finalize Plaintiff's Memorandum | 1.00 | Sarah H. Bohr |
|---|---|---|---|
| 06/13/2022 | Review Order granting excess pages; review Commissioner's Memorandum | 0.40 | |
| 07/26/2022[2] | Review briefs; prepare Motion for Leave to File Reply | 1.20 | |

Some entries, like these the Commissioner points out, are unclear in time apportionment. However, the entries can be assessed for reasonableness, particularly when viewing them in conjunction with the case docket. Additionally, Bohr's reply brief clarifies the time entries for June 13, 2022,[3] and July 26, 2022. Moreover, Bohr's reply rebuts the Commissioner's

---

[2] While the Commissioner and Plaintiff's counsel refer to a 1.20 hour time entry on January 26, 2022, for "Review Briefs; prepare Motion for Leave to File Reply" (Docs. 42 at 2 & 44 at 2), there is no January 26, 2022, entry. Instead, they appear to refer to the July 26, 2022, entry, as it is the only one for 1.20 hours that is listed as "Review Briefs; prepare Motion for Leave to File Reply."

[3] Counsel represents that the hours for June 13, 2022, can be broken down as 0.05 reviewing

argument that even an hour spent on the motion for leave to file a reply is unreasonable, as she clarifies the 1.2 hour entry on July 26, 2022, consists of 0.60 hours reviewing briefs and 0.60 hours preparing the Motion for Leave to File a Reply.

Finally, the Commissioner argues that the stylization of the time sheet entries prevents a determination of whether it is appropriate to argue for the reduction of hours attributable to clerical tasks. Time spent on clerical tasks—regardless of whether it is performed by an attorney or a paralegal—is considered a non-compensable overhead expense under the EAJA. *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (citing *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)). However, the entries are sufficiently clear to determine that they appear to exclude clerical tasks. *See Melgar v. Comm'r of the Soc. Sec. Admin.*, No. 6:18-CV-2096-ORL-MCR, 2020 WL 13413445, at *2–3 (M.D. Fla. Oct. 6, 2020) (finding attorney time spent on reviewing summonses, case assignments, and scheduling orders reasonable because "it is counsel's responsibility to make sure that service of process was perfected and to be apprised of any orders entered on the docket, even routine ones") (first citing *Vargas v. Comm'r of Soc. Sec.*, No. 6:13-CV-1683-ORL, 2015 WL 4722619, at *3 (M.D. Fla. Aug. 7, 2015); then citing *Duffield v. Colvin*, No. 3:15-CV-1065-J-MCR, 2016 WL 6037306, at *4 (M.D. Fla. Oct. 14, 2016)).

Upon review, the entries appear reasonable, neither excessive nor redundant, based on the description of the time and the amount of time spent on tasks. Further supporting this conclusion is the exclusion of unbillable hours, such as time attributable to Plaintiff's March 8, 2022, unopposed motion for an extension of time. (Doc. 25); *see Nelson v. Colvin*, 8:14-cv-02297-EAK-MAP, 2015 WL 5867439, at *1 (M.D. Fla. Oct. 5, 2015) ("[w]here the party

---

the Order granting excess pages and 0.35 reviewing the Commissioner's Memorandum.

seeking fees has filed unopposed motions for extensions of time for the benefit and convenience of that party alone and for reasons beyond the control, and at no fault, of opposing counsel, those fees are not compensable at taxpayer expense and will be denied.") (citations omitted). Accordingly, the time entries are clear enough to determine that they are reasonable.

### C. Time Spent on Memorandum and Reply Brief

Next, the Commissioner argues that the hours Heather Freeman and Sarah H. Bohr spent preparing Plaintiff's brief and reply brief are excessive. While the number of hours is contested by the parties, it appears that Freeman or Bohr spent around 43 hours preparing the briefs.[4] Here, the Commissioner asserts that more than thirty hours spent on a Social Security case is "unusual" and that attorney time expended typically ranges from twenty to forty hours. However, unlike the non-binding cases the Commissioner cites, the transcript here was unusually long, 3,539 pages, and the Commissioner fails to argue it contains repetitive records, justifying additional time spent drafting the plaintiff's brief. (Doc. 41 at 7 (citing *Lilley v. Saul*, No. 20-80044-CIV-DIMITROULEAS/MATTHEWMAN, 2020 WL 8278282, at *3 (S.D. Fla. Dec. 28, 2020), *report and recommendation adopted in part*, *rejected in part on other grounds*, No. 20-80044-DIMITROULEAS/MATTHEWMAN, 2021 WL 271518 (S.D. Fla. Jan. 27, 2021)). Further, the hours include drafting a reply brief in support of the plaintiff's brief in opposition of the Commissioner's decision. Accordingly, it appears that the hours claimed are not excessive, and are reasonable.

---

[4] Freeman spent 40.1 hours preparing the brief and reply brief. Bohr spent about 1 hour editing and finalizing the plaintiff's memorandum, 0.40 hours reviewing the commissioner's memorandum, and 1.20 hours reviewing briefs and preparing the motion for leave to file a reply.

### D. Drafting EAJA Petition and Reply to Response Opposing EAJA Fees

Finally, Plaintiff seeks attorney's fees for drafting her reply in support of her motion for EAJA fees, specifically, an additional $925.96 for 4.0 hours of attorney work. (Doc. 44). Plaintiff contends that counsel spent 1.0 hours researching and beginning to draft the reply, and 3.0 hours continuing to draft the reply, billing at a rate of $231.49 an hour. The Court finds these hours reasonable and will incorporate them into the fee award. *See Dewees v. Acting Comm'r of Soc. Sec.*, No. 6:21-CV-328-PDB, 2022 WL 1406667, at *5 (M.D. Fla. May 4, 2022) (allowing "[f]ees for time spent preparing a reply to a response to an EAJA request") (citations omitted).

### II. Conclusion

Accordingly, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's petition for attorney's fees (Doc. 38) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$13,453.45.**[5] Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on February 9, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] The number is reached as follows: $12,527.49 (the original EAJA request) + $925.96 (for time spent drafting the reply).